
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YVONNE MCCOLLISTER, | No. 12-35396 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-00899-HO |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 6, 2014[**]
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

The administrative law judge's (ALJ) adverse credibility finding is supported by substantial evidence. The ALJ offered specific, clear, and convincing reasons for discounting McCollister's credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the ALJ noted that the objective medical evidence and McCollister's conservative course of treatment are inconsistent with her testimony regarding the extent of her disability. The record reflects that McCollister's doctors recommended mainly routine medications, over-the-counter painkillers, and physical therapy, and that McCollister did not seek more aggressive treatment. As such, the ALJ permissibly inferred that McCollister's disability is not as severe as she claims. *See id.* Second, the ALJ noted that McCollister's daily activities are inconsistent with her alleged level of disability. McCollister lives alone, performs household chores, and shops for her own groceries. Further, she works as a weekend building monitor for her apartment building, which involves periodically walking the hallways, inspecting stairwells, and locking or unlocking doors. Accordingly, the ALJ reasonably concluded that McCollister was not credible "to the extent that [her activities] contradict [her] claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

**AFFIRMED.**